# Exhibit 1



|  |  |
|---|---|
| **National Office**<br>40 Rector Street, 5th Floor<br>New York, NY 10006<br><br>T 212.965.2200<br>F 212.226.7592<br><br>www.naacpldf.org | **Washington, D.C. Office**<br>700 14th Street N.W., Ste. 600<br>Washington, D.C. 20005<br><br>T 202.682.1300<br>F 202.682.1312 |

**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG
KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN
VIRGINIA, PALO ALTO, SAN
DIEGO, SAN FRANCISCO,
SHANGHAI, SINGAPORE, TOKYO,
WASHINGTON, D.C.

April 14, 2020

<u>*Via E-Mail*</u>

John Coghlan, Esq.
Goldberg Segalla, LLP
5786 Widewaters Parkway
Syracuse, New York 13214

Re:   *I.S. et al., v. Binghamton City School District et al.*, 3:19-cv-513 (GTS/DEP)

Mr. Coghlan:

We write on behalf of the Plaintiffs in the above-captioned case. As you are aware, Plaintiffs' RFP No. 7 to the individual Defendants seeks documents relating to any communications Defendants have had with each other or third parties regarding the January 15, 2019 incidents. In response, Defendants represented that they are "not presently in possession of any materials responsive to" RFP No. 7. During our meet and confer on March 26, 2020, you indicated that Counsel for the Defendants had not completed a search for responsive electronic stored information ("ESI") such as emails and text messages of the Defendants, but instead relied on your clients' representations that they have identified relevant information.

We write to confirm that you do in fact plan to (1) identify all sources of potentially relevant ESI in Defendants' possession, custody, and control, and (2) identify and produce all information responsive to Plaintiffs' RFPs, including communications between and among Defendants. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432–33 (S.D.N.Y. 2004) ("Once a party and her counsel have identified all of the sources of potentially relevant information, they are under a duty to retain that information (as per *Zubulake IV*) and to produce information responsive to the opposing party's requests."). Specifically, in this Circuit, counsel must make certain that any potentially relevant information is identified and preserved, including by taking possession of electronic data as appropriate to ensure it can be discovered. *See, e.g., id.* at 433-34 (counsel must preserve unique evidence that it knows or should know is relevant to litigation). Failure to do so may result in sanctions. *See, e.g., Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05 Civ. 4837(HB), 2006 WL 1409413, at *5-6, 9 (S.D.N.Y. May 23, 2006) (imposing sanctions on defendant's counsel for its ineffectual oversight of production, and holding that counsel had a "duty to search for *sources* of

Page Two

information" beyond "simply accept[ing] the defendants' representation") (emphasis in the original); *see also Herman v. City of New York*, 15-CV-3059-PKC-SJB, 2020 WL 873970, at *6, 7 (E.D.N.Y. Feb. 18, 2020) (defendant's "'self-collection', without any demonstrated follow up, is well below an acceptable standard for document collection"; "It is not appropriate to take a client's self-collection of documents, assume it is complete, and not take steps to determine whether significant gaps exist.).

  As a first step, counsel should conduct a search for, and produce, emails exchanged using Defendant Binghamton City School District's ("District") email system that relate to the claims and defenses in the case, including communications between and among Defendants on or immediately after January 15, 2019 recounting or referring to the events of that day, reflecting the bases for Defendants' actions that day, or reflecting Defendants' state of mind that day. *Electrified Discounters, Inc. v. MI Techs., Inc.*, 3:13CV1332 RNC, 2015 WL 2383618, at *4 (D. Conn. May 19, 2015) (ordering party to "provide its counsel with access to its emails" and to "image its sources of electronically stored information ('ESI'), including its hard drives and QuickBook files," where party had undertaken "no search, much less a diligent one," of its electronically stored information). In addition, counsel should conduct a search for, and produce, text messages, chats, SMS messages, MMS, photos, videos, and any other responsive ESI stored on the individual Defendants' phones.

  Please confirm that Counsel for the Defendants will complete a search of the individual Defendants' phones for responsive text messages, chats, SMS messages, and MMS messages, and any other responsive ESI stored on the individual Defendants' phones, as well as a search of Defendants' emails (both personal and professional) within thirty days to determine whether there are communications relevant to the claims and defenses in the case. Please confirm in writing and do not hesitate to contact us if you have any questions concerning this matter.

                Sincerely,

                /s/ Cara McClellan
                Cara McClellan, Esq.
                Rachel Kleinman, Esq.
                Kristen A. Johnson, Esq.
                NAACP Legal Defense & Educational Fund, Inc.
                40 Rector Street
                New York, NY 10006

Page Three

/s/ Chanwoo Park
Joshua Hill, Jr., Esq.
Jamie Levitt, Esq.
Chanwoo Park, Esq.
Amanda Gayer, Esq.
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
