UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

I.S., a minor by and through her mother ANAIS DISLA;
J.B., a minor by and through her parents IBELYH DISLA
and JOSE BRISTOL; I.M., a minor by and through her
mother ZULAYKA McKINSTRY; and A.S., a minor by
and through her mother CHANDERLIA SILVA;

      Plaintiffs,

v.                        19-CV-0513
                       (GTS/ATB)
BINGHAMTON CITY SCH. DIST.;
BINGHAMTON BD. OF EDUC.;
TIM SIMONDS; MICHELLE RALEIGH; and
MARY ELLEN EGGLESTON;

      Defendants.
_____

APPEARANCES:              OF COUNSEL:

MORRISON & FOERSTER           AMANDA L. GAYER, ESQ.
 Counsel for Plaintiffs             CHANWOO PARK, ESQ.
250 West 55th Street              JAMIE A. LEVITT, ESQ.
New York, NY 10019             JOSHUA HILL, JR., ESQ.

NAACP LEGAL DEFENSE & EDUC. FUND, INC.   KRISTEN A. JOHNSON, ESQ.
 Co-Counsel for Plaintiffs           RACHEL KLEINMAN, ESQ.
40 Rector Street, Floor 5            CARA McCLELLAN, ESQ.
New York, NY 10006

GOLDBERG SEGALLA             ASHLEY K. BOISVERT, ESQ.
 Counsel for Defendants            JOHN P. COGHLAN, ESQ.
5786 Widewaters Parkway           SHANNON T. O'CONNOR, ESQ.
Syracuse, NY 13214

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

    Currently before the Court, in this civil rights action filed by Anais Disla as the natural

mother of the infant I.S. ("Plaintiff I.S."), Ibelyh Disla and Jose Bristol as the natural parents of

the infant J.B. ("Plaintiff J.B."), Zulayka McKinstry as the natural mother of the infant I.M. ("Plaintiff I.M."), and Chanderlia Silva as the natural mother of the infant A.S. ("Plaintiff A.S.") (collectively "Plaintiffs") against the Binghamton City School District ("the District"), three of its employees ("Defendant Simonds" "Defendant Raleigh" and "Defendant Eggleston"), and its Board of Education (collectively "Defendants"), is Plaintiffs' motion for reconsideration of the Court's Decision and Order of September 14, 2020.  (Dkt. No. 44.)  For the reasons set forth below, Plaintiffs' motion for reconsideration is denied.

## I. RELEVANT BACKGROUND

### A. Procedural History

The Court issued its Decision and Order on Defendants' motion to dismiss the fourth and fifth causes of action of Plaintiffs' Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and Defendants' motion for judgment on the pleadings with respect to the second, third, fourth, and fifth causes of action and part of the first cause of action of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(c).  (Dkt. No. 117 [Decision and Order filed Sept. 14, 2020].)  The Court denied Defendants' motion to dismiss for lack of subject-matter jurisdiction and granted in part and denied in part Defendants' motion for judgment on the pleadings.  (*Id.*)  Specifically, the Court did as follows: dismissed Plaintiffs A.S. and I.S.'s Fourth Amendment claims based on a strip search as to all Defendants; dismissed Plaintiffs' Equal Protection claims against the School Defendants, Defendant Simonds, Defendant Raleigh, and Defendant Eggleston; and dismissed Plaintiffs' Title VI claims against the School Defendants, Defendant Simonds, Defendant Raleigh, and Defendant Eggleston.  (*See generally id.*)  The dismissals of Plaintiffs' IDEA and Rehabilitation Act claims, as well as the dismissals of Plaintiffs' official capacity claims, were with prejudice, while the dismissals of Plaintiffs'

Equal Protection and Title VI claims were without prejudice. (*Id.*)

### B. Parties' Briefing on Plaintiffs' Motion for Reconsideration

#### 1. Plaintiffs' Memorandum of Law

In their motion, Plaintiffs argue that the Court erred by (1) overlooking Plaintiff A.S.'s allegation that she removed clothing in addition to her shoes, and (2) failing to recognize that Plaintiffs adequately alleged that Defendant Eggleston conducted a strip search of A.S. (*See generally* Dkt. No. 121, Attach. 1.) More specifically, Plaintiffs argue that the Court overlooked the fact that Plaintiff A.S.'s unzipping of her sweater to the middle of her chest amounted to a removal of her clothing because it revealed Plaintiff A.S.'s bra and the skin of her torso. (*Id.* at 5-6.) Plaintiff also argues that Defendant Eggleston's conduct amounted to a strip search of Plaintiff A.S. on the grounds that (a) the search of Plaintiff A.S. was a strip search under Defendants' own policy, (b) other courts have found a strip search has occurred, regardless of whether students entirely removed their clothing, and (c) under controlling caselaw, partial removal of a garment can constitute a strip search, particularly when the subject of the strip search is a minor plaintiff in school. (*Id.* at 6-8.)

#### 2. Defendants' Opposition Memorandum of Law

In opposition to Plaintiffs' motion, Defendants argue that the Court did not err in dismissing Plaintiff A.S.'s Fourth Amendment claim premised on a strip search because Plaintiff A.S. did not actually plead that she exposed her bra and torso. (Dkt. No. 127 [Defs.' Opp'n Mem. of Law].) Specifically, Defendants argue (1) that Plaintiffs' argument appears only in Plaintiffs' brief, not in Plaintiffs' Complaint; (2) that although an individual need not remove all of his/her clothing for the act to qualify as a strip search, Plaintiff A.S. did not plead factual allegations plausibly suggesting that she was strip searched by Defendant Eggleston; and (3)

Plaintiff A.S.'s allegations are speculative and conclusory because a singular alleged comment by Defendant Eggleston (i.e., that she could not "wear only a bra without a shirt underneath a sweater . . . because her own breasts are flabby"), following Plaintiff A.S.'s mid-way cessation of the unzipping of her sweater and saying "no," does not plausibly suggest that Plaintiff A.S.'s bra or torso were exposed to and observed by Defendant Eggleston.  (*Id.* at 9-10.)

        **3.**     **Plaintiffs' Reply Memorandum of Law**

Generally, in their reply, Plaintiffs argue as follows: (1) Plaintiff A.S. adequately alleged sufficient facts to support a reasonable inference that she revealed her bra and chest during Defendant Eggleston's search because Plaintiff A.S. alleged (a) Defendant Eggleston directed Plaintiff A.S. to remove her sweater, (b) Plaintiff A.S.'s response included unzipping her sweater, and (c) Defendant Eggleston commented in response to the unzipping of her sweater by stating she herself could not wear only a bra without a shirt underneath the sweater; and (2) Plaintiff A.S. pled sufficient facts to plausibly suggest that she was subject to a strip search because she partially removed her clothing and other courts have found that a partial removal of clothing from a student can amount to a strip search.  (*See generally* Dkt. No. 128 [Plfs.' Reply Memo. of Law].)

**II.**    **LEGAL STANDARD GOVERNING A MOTION FOR RECONSIDERATION**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g) of the Court's Local Rules of Practice.  A court may justifiably reconsider its previous ruling under three circumstances: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d

782, 789 [2d Cir. 1983]). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.[1] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## III. ANALYSIS

After carefully considering the parties' arguments, the Court denies Plaintiffs' motion for reconsideration of its Decision and Order of September 14, 2020, for the reasons stated in Defendants' opposition memorandum of law. (Dkt. No. 127.) To those reasons, the Court adds the following analysis, which is intended to supplement, and not supplant, Defendants' reasoning.

Plaintiffs first argue that the partial unzipping of Plaintiff A.S.'s sweater amounts to the removal of Plaintiff A.S.'s clothing (in addition to her shoes) because Plaintiff A.S.'s bra and the skin of her torso were revealed. Specifically, Plaintiffs argue that Defendant Eggleston's own alleged comment reflects that Plaintiff A.S.'s top had been unzipped to such an extent that her bra and chest were clearly visible and exposed, and that the Court overlooked this fact in its September 14, 2020, Decision and Order. (Dkt. No. 121, Attach. 1, at 6.)

---

[1] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 257 (2d Cir. 1995).

When considering a motion to dismiss for failure to state a claim, a court is limited to the facts stated in the complaint. *Paulemon v. Tobin*, 30 F.3d 307, 308 (2d Cir. 1994). Here, contrary to Plaintiffs' argument, Plaintiffs' Complaint does not expressly allege that Plaintiff A.S.'s unzipping of her sweater revealed her bra and chest area; instead, it merely alleges that Plaintiff A.S. "unzipped her sweater to the middle of her chest, [and] then zipped it back up[.]" (Dkt. No. 1, at ¶ 20.) Although Defendant Eggleston, in response to Plaintiff A.S.'s refusal to continue unzipping her sweater, allegedly commented that she herself could not wear only a bra without a shirt underneath a sweater (*id.*), the Court finds it is not reasonable to infer (based on the facts alleged) that Plaintiff A.S. revealed her bra and the skin of her torso when she unzipped her sweater.

For the sake of brevity, the Court will not linger on the fact that an express allegation that Plaintiff A.S.'s partial unzipping caused Defendant Eggleston to observe her bra and the skin of her torso is conspicuously omitted from the otherwise-detailed Complaint, which was drafted with the assistance of counsel, is forty-one pages in length and has fifty pages of attachments. More important is the fact that, according to Plaintiffs' own Complaint, before Defendant Eggleston made the above-referenced comment, she had checked Plaintiff A.S.'s heart rate by putting a stethoscope under Plaintiff A.S.'s sweater, plausibly suggesting that it was then that she discovered that Plaintiff A.S. was wearing only a bra underneath her sweater. Moreover, according to Plaintiffs' own Complaint, Defendant Eggleston's comment was immediately preceded by Plaintiff A.S.'s cessation of unzipping and statement "no," plausibly suggesting that it was those acts (and not any speculative observation of a bra and the skin of Plaintiff A.S.'s torso) that prompted Defendant Eggleston's realization that Plaintiff A.S. was wearing only a bra underneath her sweater. Accordingly, the Court finds that (in its Decision and Order of

September 14, 2020) it properly considered the alleged partial unzipping of Plaintiff A.S.'s sweater as a failure to plead facts plausibly suggesting that Plaintiff A.S. removed her sweater sufficient to constitute a strip search under the Fourth Amendment.

Finally, Plaintiffs also argue that Defendant Eggleston's conduct amounted to a strip search because her actions constituted a strip search under the school district's own policy. As the Court explained in its prior Decision and Order, it is the Fourth Amendment and not the district's policy that determines what constitutes a "strip search" for purposes of a Fourth Amendment. (Dkt. No. 117, at 23-25.) Although the Court agrees that the partial removal of a garment can constitute a strip search under the Fourth Amendment (Dkt. No. 121, Attach. 1, at 7-8; Dkt. 128, at 5-7), it nevertheless finds that, for the reasons stated in Part III of this Decision and Order, Plaintiff A.S. was not subjected to a strip search under the alleged facts of this case, and there is no basis for reconsidering the Court's previous findings.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for reconsideration (Dkt. No. 121) is **DENIED**.

Dated: November 13, 2020
      Syracuse, NY

_Glenn T. Suddaby_
Glenn T. Suddaby
Chief U.S. District Judge