UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

I.S., a minor by and through her mother and
next friend, ANAIS DISLA; J.B., a minor by
and through her parents and next friends,
IBELYH DISLA and JOSE BRISTOL; I.M.,
a minor by and through her mother and next
friend, ZULAYKA MCKINSTRY; A.S., a
minor by and through her mother and next
friend, CHANDERLIA SILVA,

                     Plaintiffs,

      v.

BINGHAMTON CITY SCHOOL
DISTRICT; BINGHAMTON BOARD OF
EDUCATION; TIM SIMONDS, in his
individual capacity; MICHELLE
RALEIGH, in her individual
capacity; MARY ELLEN EGGLESTON, in
her individual capacity,

                     Defendants.

_____

**ANSWER TO AMENDED COMPLAINT**

Index No. 3:19-cv-00513 (GTS/DEP)

Defendant Binghamton Board of Education, by and through its attorneys, Goldberg Segalla

LLP, sets forth its Answer to Plaintiffs First Amended Complaint ("Amended Complaint") and

Affirmative Defenses as follows:

<u>**PRELIMINARY STATEMENT**</u>

Plaintiffs include five pages of unnumbered paragraphs in narrative form and improper

legal briefing under the heading of "Preliminary Statement," which violates the Federal Rule of

Civil Procedure requirements related to pleadings. (Dkt. No. 163, pp. 1 - 5). In particular, Plaintiffs

Amended Complaint violates Federal Rule of Civil Procedure 8(a)(2), which requires a party

include a "short and plain statement of the claim," and Federal Rule of Civil Procedure10(b), which

1

mandates a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." (Dkt. No. 163, pp. 1 – 5).

Defendant ADMITS that plaintiffs bring this action against the Binghamton City School District, the Binghamton Board of Education, Tim Simonds and Michelle Raleigh and Mary Ellen Eggleston as alleged in the first unnumbered paragraph of the introductory section of the Amended Complaint titled Preliminary Statement.  Defendant DENIES the remainder of the allegations in the first unnumbered paragraph of the introductory section of the Amended Complaint titled Preliminary Statement.

Defendant DENIES the allegations contained in the second unnumbered paragraph of the Amended Complaint.  (Dkt. No. 163, p. 2).

Defendant DENIES the allegations contained in the third unnumbered paragraph of the Amended Complaint.  (Dkt. No. 163, pp. 2 – 3).

Plaintiffs' unnumbered paragraph four includes improper legal argument, citations to Amicus Briefs, and numerous secondary sources all of which are improper which should otherwise be stricken.  To the extent that a response is required, Defendant DENIES unnumbered paragraph 4 of the Amended Complaint.  (Dkt. No. 163, p. 3).

Defendant DENIES unnumbered paragraph 5 of the Amended Complaint.  (Dkt. No. 163, p. 4).

Defendant DENIES unnumbered paragraph 6 of the Amended Complaint.  (Dkt. No. 163, p. 4).

Defendant ADMITS that Plaintiffs bring this action pursuant to the Fourth and Fourteenth Amendment to the U.S. Constitution and the identified statutory provisions in the seventh unnumbered paragraph of the introductory section of the Amended Complaint titled Preliminary

Statement; but DENIES the remainder of the allegations and prayer for relief in the seventh unnumbered paragraph of the introductory section of the Amended Complaint titled Preliminary Statement. (Dkt. No. 163, pp. 4-5).

## JURISDICTION AND VENUE

1.      Defendant ADMITS the assertions of law set forth in Paragraph "1" of the Amended Complaint that Plaintiffs bring this action against Defendants under the referenced Constitutional and statutory provisions.

2.      Defendant ADMITS the assertions of law set forth in Paragraph "2" of the Amended Complaint that jurisdiction in this Court is appropriate for Plaintiffs' claims.

3.      Defendant ADMITS the assertions of law set forth in Paragraph "3" of the Amended Complaint that venue is proper in the Northern District of New York.

## PARTIES

4.      Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "4" of the Amended Complaint.

5.      Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "5" of the Amended Complaint.

6.      Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "6" of the Amended Complaint.

7.      Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "7" of the Amended Complaint.

8.      Defendant ADMITS that Mary Ellen Eggleston is was at all times relevant a nurse at East Middle School in Binghamton, New York, but DENIES KNOWLEDGE OR

INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in Paragraph "8" of the Amended Complaint.

9.      Defendant ADMITS that Tim Simonds was the principal at East Middle School in Binghamton, New York and that he was the highest ranking person in the school; but DENIES the remainder of the allegations in Paragraph "9" of the Amended Complaint, including those allegations contained within Footnote 2 of the Amended Complaint.

10.      Defendant ADMITS that Michelle Raleigh is an Assistant Principal at East Middle School in Binghamton, New York; but DENIES the remainder of the allegations in Paragraph "10" of the Amended Complaint including those allegations contained within Footnotes 3.

11.      Defendant DENIES the allegations in Paragraph "11" of the Amended Complaint.

12.      Defendant ADMITS the Binghamton City School District is a public school district in Broome County, New York, where East Middle School is located; but DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in Paragraph "12" of the Amended Complaint.

13.      Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations in Paragraph "13" of the Amended Complaint, including those allegations contained in Footnote 4 of the Amended Complaint.

## FACTS

14.      Defendant ADMITS I.S., J.B., I.M. and A.S. are Black and Latina girls who attended East Middle School; but DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in Paragraph "14" of the Amended Complaint.

15.     Defendant DENIES the allegations that the girls were stopped "while the girls were walking from the cafeteria towards their lunch activity as alleged in Paragraph "15" of the Amended Complaint.  Defendant ADMITS Minor Plaintiffs were taken to the school's health office on January 15, 2019; but DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in Paragraph "15" of the Amended Complaint.

16.     Defendant DENIES the allegations in Paragraph "16" of the Amended Complaint.

17.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegation the Minor Plaintiffs were held in the health office for approximately one hour; and DENIES the remainder of the allegations in Paragraph "17" of the Amended Complaint.

18.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "18" of the Amended Complaint.

19.     Defendant DENIES the allegations in Paragraph "19" of the Amended Complaint.

20.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "20" of the Amended Complaint.

21.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "21" of the Amended Complaint.

22.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "22" of the Amended Complaint.

23.     Defendant DENIES the allegations in Paragraph "23" of the Amended Complaint.

24.     Defendant ADMITS that A.S. was permitted to leave the exam room and that no contraband or other evidence of wrongdoing was recovered; to the extent the remainder of the

allegations contained in Paragraph "24" of the Amended Complaint contain conclusions of law, no response is required; otherwise Defendant DENIES the remainder of the allegations contained in Paragraph "24" of the Amended Complaint.

25.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "25" of the Amended Complaint.

26.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "26" of the Amended Complaint.

27.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "27" of the Amended Complaint.

28.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "28" of the Amended Complaint.

29.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "29" of the Amended Complaint.

30.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "30" of the Amended Complaint.

31.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "31" of the Amended Complaint.

32.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "32" of the Amended Complaint.

33.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "33" of the Amended Complaint.

34.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to whether Nurse Eggleston permitted I.M. to leave the exam room;

ADMITS that no contraband or other evidence of wrongdoing was recovered; to the extent the remainder of the allegations contained in Paragraph "34" of the Amended Complaint contain conclusions of law, no response is required; otherwise Defendant DENIES the remainder of the allegations contained in Paragraph "34" of the Amended Complaint.

35.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "35" of the Amended Complaint.

36.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "36" of the Amended Complaint.

37.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "37" of the Amended Complaint.

38.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "38" of the Amended Complaint.

39.     Defendant ADMITS that I.S. was permitted to leave the exam room and that no contraband or other evidence of wrongdoing was recovered; to the extent the remainder of the allegations contained in Paragraph "39" of the Amended Complaint contain conclusions of law, no response is required; otherwise Defendant DENIES the remainder of the allegations contained in Paragraph "39" of the Amended Complaint.

40.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "40" of the Amended Complaint.

41.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "41" of the Amended Complaint.

42.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "42" of the Amended Complaint.

43.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "43" of the Amended Complaint.

44.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "44" of the Amended Complaint.

45.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "45" of the Amended Complaint.

46.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "46" of the Amended Complaint.

47.     Defendant ADMITS that J.B. was permitted to leave the exam room and that no contraband or other evidence of wrongdoing was recovered; to the extent the remainder of the allegations contained in Paragraph "47" of the Amended Complaint contain conclusions of law, no response is required; otherwise Defendant DENIES the remainder of the allegations contained in Paragraph "47" of the Amended Complaint.

48.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "48" of the Amended Complaint.

49.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "49" of the Amended Complaint.

50.     Defendant ADMITS a boy with an injury came into the health office where the Minor Plaintiffs were waiting; but DENIES the remainder of the allegations in Paragraph "50" of the Amended Complaint.

51.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "51" of the Amended Complaint.

52.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "52" of the Amended Complaint.

53.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "53" of the Amended Complaint.

54.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "54" of the Amended Complaint.

55.     Defendant ADMITS the allegations in Paragraph "55" of the Amended Complaint.

56.     Defendant DENIES the allegations in Paragraph "56 of the Amended Complaint.

57.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "57" of the Amended Complaint.

58.     Defendant ADMITS A.S. returned to East Middle School on January 16, 2019; but DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in paragraph "58" of the Amended Complaint.

59.     Defendant ADMITS I.M. did not return to East Middle School after January 15, 2019; but DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in Paragraph "59" of the Amended Complaint.

60.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "60" of the Amended Complaint.

61.     Defendant ADMITS J.B. returned to East Middle School on January 16, 2019; but DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in Paragraph "61" of the Amended Complaint.

62.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "62" of the Amended Complaint.

63.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "63" of the Amended Complaint.

64.     Defendant ADMITS that Ms. McKinstry asked for an incident report documenting what happened to I.M. and that two district employees, Michael Holly (Assistant Superintendent for Personnel and Administration) and David Thon (Director of Personnel) arrived at the school but DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations in Paragraph "64" of the Amended Complaint.

65.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "65" of the Amended Complaint.

66.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to whether Assistant Superintendent Michael offered to pay for Ms. McKinstry's cab as she was leaving East Middle School, stating that it was the least they could do; and DENIES the remainder of the allegations in Paragraph "66" of the Amended Complaint.

67.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "67" of the Amended Complaint.

68.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "68" of the Amended Complaint.

69.     Defendant ADMITS the allegations in Paragraph "69 of the Amended Complaint.

70.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "70" of the Amended Complaint.

71.     Defendant DENIES the allegations in Paragraph "71" of the Amended Complaint.

72.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "72" of the Amended Complaint.

10

73.     Defendant DENIES the allegations in Paragraph "73" of the Amended Complaint.

74.     Defendant ADMITS the allegations in Paragraph "74" of the Amended Complaint.

75.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "75" of the Amended Complaint.

76.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "76" of the Amended Complaint.

77.     Defendant DENIES the allegations in Paragraph "77" of the Amended Complaint.

78.     Defendant DENIES the allegations in Paragraph "78" of the Amended Complaint.

79.     Defendant DENIES the allegations in Paragraph "79" of the Amended Complaint.

80.     Defendant DENIES the allegations in Paragraph "80" of the Amended Complaint.

81.     Defendant DENIES the allegations in Paragraph "81" of the Amended Complaint.

82.     Defendant DENIES the allegations in Paragraph "82" of the Amended Complaint.

83.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "83" of the Amended Complaint.

84.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "84" of the Amended Complaint.

85.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "85" of the Amended Complaint.

86.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "86" of the Amended Complaint.

87.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "87" of the Amended Complaint.

88.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "88" of the Amended Complaint.

89.    Defendant ADMITS the District has a policy addressing "Searches and Interrogations of Students; but DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the remainder of the allegations contained in Paragraph "89" of the Amended Complaint.

90.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "90" of the Amended Complaint.

91.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "91" of the Complaint.

92.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations in Paragraph "92" of the Complaint.

93.    Defendant DENIES the allegations contained in Paragraph "93" of the Amended Complaint.

94.    Defendant DENIES the allegations contained in Paragraph "94" of the Amended Complaint.

95.    Defendant DENIES the allegations contained in Paragraph "95" of the Amended Complaint.

96.    Defendant DENIES the allegations contained in Paragraph "96" of the Amended Complaint.

97.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "97" of the Amended Complaint.

98.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "98" of the Amended Complaint.

99.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "99" of the Amended Complaint.

100.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "100" of the Amended Complaint.

101.     To the extent the allegations contained within Paragraph "101" of the Amended Complaint contain conclusions of law, no response is required; otherwise, Defendant DENIES the allegations contained within Paragraph "101" of the Amended Complaint.

102.     Defendant DENIES allegations related to the total number of students in the District in 2017-2018; but ADMITS the remainder of the allegations in Paragraph "92" of the Amended Complaint.

103.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "103" of the Amended Complaint, including Footnote 14.

104.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "104" of the Amended Complaint, including Footnotes 15 and 16.

105.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "105" of the Amended Complaint, including Footnotes 17 and 18.

106.     Defendant DENIES the allegations contained in Paragraph "106" of the Amended Complaint.

107.    Defendant DENIES the allegations in Paragraph "107" of the Amended Complaint.

108.    Defendant DENIES the allegations in Paragraph "108" of the Amended Complaint.

109.    Defendant DENIES the allegations in Paragraph "109" of the Amended Complaint, including footnote 20.

110.    Defendant DENIES the allegations in Paragraph "110" of the Amended Complaint.

111.    Defendant ADMITS there is a New York State Attorney General's investigation, but DENIES the remainder of the allegations in Paragraph "111" of the Amended Complaint.

112.    Defendant DENIES the allegations contained in Paragraph "112" of the Amended Complaint.

113.    Defendant DENIES the allegations contained in Paragraph "113" of the Amended Complaint, including footnotes 21 and 22.

114.    Defendant DENIES the allegations contained in Paragraph "114" of the Amended Complaint.

115.    Defendant DENIES the allegations contained in Paragraph "115" of the Amended Complaint.

116.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "116" of the Amended Complaint.

117.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "117" of the Amended Complaint, including footnote 24. [1]

---

[1] Plaintiffs citation to Rebecca Epstein, Jamilia J. Blake, & Thalia Gonzalez, *Girl Interrupted: The Erasure of Black Girls' Childhood*, Georgetown Law Ctr. On Poverty & Inequality (2017) is improper and burdensome in that the article at nineteen pages adds unnecessary and extraneous material to the allegations in violation of Fed. R. Civ. Pro. 8(a)(2), and as such, should be stricken from the Amended Complaint.

118.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "118" of the Amended Complaint, including footnote 25[2] and 26.[3]

119.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "119" of the Amended Complaint, including footnote 27.[4]

120.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "120" of the Amended Complaint, including footnote 28.[5]

## **FIRST CAUSE OF ACTION**

121.    Defendant answers the allegations contained in Paragraphs "1" through "120" of the Amended Complaint, as realleged and incorporated in Paragraph "121" of the Amended Complaint, in the same manner as the said allegations are heretofore treated in this Answer.

122.    Paragraph "122" of Plaintiffs Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law, and the Defendant refers all questions of law to the Court.  To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "122" of the Amended Complaint.

123.    Defendant DENIES the allegations in Paragraph "123" of the Amended Complaint.

---

[2] Footnote 21 is a citation to a 304-page book.  *See generally* Monique W. Morris, *Pushout: The Criminalization of Black Girls in Schools* (New Press 2016), and as such, should be stricken from the Amended Complaint.
[3] Footnote 22 is also improper for the reasons stated above, but also in that the footnote provides a website in which named defendants could obtain the articles cited, which fails to provide sufficient notice to the parties as to the relevancy or the basis to include such unnecessary or extraneous materials, and as such, should be stricken from the Amended Complaint.
[4] Plaintiffs citation to NWLC, *Let Her Learn: Stopping School Pushout for Girls of Color*, 2017 is improper, burdensome, and further adds twenty-five pages of unnecessary and extraneous material to the allegations in violation of Fed. R. Civ. P. 8(a)(2), and as such, should be stricken from the Amended Complaint.
[5] Id.

124.    Defendant DENIES the allegations in Paragraph "124" of the Amended Complaint.

125.    Defendant DENIES the allegations in Paragraph "125" of the Amended Complaint.

126.    Defendant DENIES the allegations in Paragraph "126" of the Amended Complaint.

127.    Defendant DENIES the allegations in Paragraph "127" of the Amended Complaint.

128.    Defendant DENIES the allegations in Paragraph "128" of the Amended Complaint.

129.    Defendant DENIES the allegations in Paragraph "129" of the Amended Complaint.

130.    Defendant DENIES the allegations in Paragraph "130" of the Amended Complaint.

131.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "131" of the Amended Complaint.

132.    Paragraph "132" of Plaintiffs Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law, and the Defendant refers all questions of law to the Court.  To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "132" of the Amended Complaint.

133.    Paragraph "133" of Plaintiffs Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law, and the Defendant refers all questions of law to the Court.  To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "133" of the Amended Complaint.

134.    Paragraph "134" of Plaintiffs Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law, and the Defendant refers all questions of law to the Court.  To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "134" of the Amended Complaint.

135.    Defendant DENIES the allegations in Paragraph "135" of the Amended Complaint.

136.    Defendant DENIES the allegations in Paragraph "136" of the Amended Complaint.

137.     Paragraph "137" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "137" of the Amended Complaint.

138.     Defendant DENIES the allegations in Paragraph "138" of the Amended Complaint.

139.     Defendant DENIES the allegations in Paragraph "139" of the Amended Complaint.

140.     Defendant DENIES the allegations in Paragraph "140" of the Amended Complaint.

141.     Defendant DENIES the allegations in Paragraph "141" of the Amended Complaint.

142.     Defendant DENIES the allegations in Paragraph "142" of the Amended Complaint.

143.     Defendant DENIES the allegations in Paragraph "143" of the Amended Complaint.

144.     Defendant DENIES the allegations in Paragraph "144" of the Amended Complaint.

145.     Defendant DENIES the allegations in Paragraph "145" of the Amended Complaint.

146.     Defendant DENIES the allegations in Paragraph "146" of the Amended Complaint.

147.     Defendant DENIES the allegations in Paragraph "147" of the Amended Complaint.

148.     Defendant DENIES the allegations in Paragraph "148" of the Amended Complaint.

149.     Defendant DENIES the allegations in Paragraph "149" of the Amended Complaint.

150.     Defendant DENIES the allegations in Paragraph "149" of the Amended Complaint.

## SECOND CAUSE OF ACTION

151.     Defendant answers the allegations contained in Paragraphs "1" through "150" of the Amended Complaint, as realleged and incorporated in Paragraph "151" of the Amended Complaint, in the same manner as the said allegations are heretofore treated in this Answer.

152.     Paragraph "152" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court.

To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "152" of the Amended Complaint.

153.    Paragraph "153" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "153" of the Amended Complaint.

154.    Paragraph "154" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "154" of the Amended Complaint.

155.    Defendant DENIES the allegations in Paragraph "155" of the Amended Complaint.

156.    Defendant DENIES the allegations in Paragraph "156" of the Amended Complaint.

157.    Defendant DENIES the allegations contained in Paragraph "157" of the Amended Complaint.

158.    Defendant DENIES the allegations contained in Paragraph "158" of the Amended Complaint.

159.    Defendant DENIES the allegations in Paragraph "159" of the Amended Complaint.

160.    Defendant DENIES the allegations in Paragraph "160" of the Amended Complaint.

161.    Defendant DENIES the allegations in Paragraph "161" of the Amended Complaint.

162.    Defendant DENIES the allegations in Paragraph "162" of the Amended Complaint.

163.    Defendant DENIES the allegations in Paragraph "163" of the Amended Complaint.

164.    Defendant DENIES the allegations in Paragraph "164" of the Amended Complaint.

165.     Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the statements contained in Paragraph "165" of the Amended Complaint.

166.     Paragraph "166" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "166" of the Amended Complaint.

167.     Paragraph "167" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "167" of the Amended Complaint.

168.     Defendant DENIES the allegations in Paragraph "168" of the Amended Complaint.

169.     Defendant DENIES the allegations in Paragraph "169" of the Amended Complaint.

170.     Defendant DENIES the allegations in Paragraph "170" of the Amended Complaint.

171.     Defendant DENIES the allegations in Paragraph "171" of the Amended Complaint.

172.     Defendant DENIES the allegations in Paragraph "172" of the Amended Complaint.

173.     Defendant DENIES the allegations in Paragraph "173" of the Amended Complaint.

174.     Paragraph "174" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "174" of the Amended Complaint.

175.     Paragraph "175" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court.

To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "175" of the Amended Complaint.

176.    Paragraph "176" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "176" of the Amended Complaint.

177.    Defendant DENIES the allegations in Paragraph "177" of the Amended Complaint.

178.    Defendant DENIES the allegations in Paragraph "178" of the Amended Complaint.

179.    Defendant DENIES the allegations in Paragraph "179" of the Amended Complaint.

180.    Defendant DENIES the allegations in Paragraph "180" of the Amended Complaint.

## THIRD CAUSE OF ACTION

181.    Defendant answers the allegations contained in Paragraphs "1" through "180" of the Amended Complaint, as realleged and incorporated in Paragraph "181" of the Amended Complaint, in the same manner as the said allegations are heretofore treated in this Answer.

182.    Paragraph "182" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "182" of the Complaint.

183.    Defendant DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in Paragraph "183" of the Amended Complaint.

184.    Paragraph "184" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court.

To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "184" of the Amended Complaint.

185.    Paragraph "185" of Plaintiffs' Amended Complaint does not contain allegations of fact and makes assertions or conclusions of law. Defendant refers all questions of law to the Court. To the extent, a response is found to be required, Defendant DENIES the statements contained in Paragraph "185" of the Amended Complaint.

186.    Defendant DENIES the allegations in Paragraph "186" of the Amended Complaint.

187.    Defendant DENIES the allegations in Paragraph "187" of the Amended Complaint.

188.    Defendant DENIES the allegations in Paragraph "188" of the Amended Complaint.

189.    Defendant DENIES the allegations in Paragraph "189" of the Amended Complaint.

190.    Defendant DENIES the allegations in Paragraph "190" of the Amended Complaint.

191.    Defendant DENIES the allegations in Paragraph "191" of the Amended Complaint.

192.    Defendant DENIES the allegations in Paragraph "192" of the Amended Complaint.

193.    Defendant DENIES the allegations in Paragraph "193" of the Amended Complaint.

194.    Defendant DENIES the allegations in Paragraph "194" of the Amended Complaint.

195.    Defendant DENIES the allegations in Paragraph "195" of the Amended Complaint.

196.    Defendant DENIES all claims and allegations in the Plaintiffs Complaint related to damages and injunctive relief set forth in the "Prayer for Relief" and "Wherefore" section of the Complaint.

197.    Defendant denies each and every allegation not admitted, denied, or otherwise responded to above, except insofar as such allegation constitutes an admission against plaintiffs.

## AFFIRMATIVE DEFENSES

198.    Defendant pleads the following affirmative defenses in relation to the causes of action alleged by Plaintiffs in their Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

199.  The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

200.  Any acts of the agents and/or employees of the District were privileged, reasonable and necessary and are protected by qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

201.  The doctrine of *respondeat superior* does not apply to actions brought pursuant to 42 U.S.C. §1983, and as such Plaintiffs must establish individual liability against the named District employees before the District can be held liable.

## FOURTH AFFIRMATIVE DEFENSE

202.    Any and all acts of the District were justified and in accordance with the law, and the discharge of their lawful responsibilities.

## FIFTH AFFIRMATIVE DEFENSE

203.    To the extent, Plaintiffs' have failed to mitigate their damages; their claims for damages are diminished or barred.

## SIXTH AFFIRMATIVE DEFENSE

204.    Any action done by agents or employees of the District in searching Plaintiffs were done in good faith, with reasonable suspicion and without malice.

## SEVENTH AFFIRMATIVE DEFENSE

205.  The allegations in the Amended Complaint do not rise to the level of a constitutional violation.

## EIGHTH AFFIRMATIVE DEFENSE

206.  Plaintiffs' claims, in whole or in part, fail based on a lack of personal involvement by the individually named Defendant in the alleged constitutional violations.

## NINTH AFFIRMATIVE DEFENSE

207.  Plaintiffs are guilty of culpable conduct, which caused all or part of their damages alleged.  Plaintiffs, by their own conduct alleged, assumed a risk of injury.

## TENTH AFFIRMATIVE DEFENSE

208.  Plaintiffs lack standing to assert some or all of the claims.

## ELEVENTH AFFIRMATIVE DEFENSE

209.  Some or all of Plaintiffs' claims fail on statute of limitation grounds.

## TWELFTH AFFIRMATIVE DEFENSE

210. Plaintiffs are not entitled to injunctive relief, as they have not adequately alleged one or more of the requirements to warrant equitable relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

211.    Plaintiffs Amended Complaint includes numerous improper allegations, including footnotes 1 – 29, that are not proper under Fed. R. Civ. P. 8 or that should otherwise be stricken.

## JURY DEMAND

212.    Defendant demands a trial by jury for the claims and affirmative defenses asserted in this action.

WHEREFORE, having answered fully, Defendant prays for relief seeking that judgment be entered in its favor, dismissing Plaintiffs' Amended Complaint in its entirety, with prejudice, assess costs against plaintiffs, award Defendant reasonable attorney's fees pursuant to Federal Rule of Civil Procedure 11, award Defendant reasonable attorney's fees under 42 U.S.C. §1988(b), and disbursements incurred in this action, and for such other relief as this Court deems just, proper, and equitable.

Dated: February 3, 2021
        Syracuse, New York

                                    **GOLDBERG SEGALLA LLP**


                                    By:____*/s/ Shannon T. O'Connor*

                                        Shannon T. O'Connor, Esq.
                                        (Bar No.: 517122)
                                        John P. Coghlan, Esq.
                                        (Bar No.: 519328)
                                        *Attorneys for Defendants*
                                        5786 Widewaters Parkway
                                        Syracuse, New York 13214
                                        Phone: 315-413-5465

TO:    Rachel M. Keinman, Esq.
       Cara McClellan, Esq.
       Kristen A. Johnson, Esq.
       NAACP Legal Defense &
              Educational Fund, Inc.
       *Attorneys for Plaintiffs*
       40 Rector Street, 5th Floor
       New York, New York 10006
       Phone:  212-965-2200

Jamie A. Levitt, Eq.
Joshua Hill, Jr., Esq.
Chanwoo Park, Esq.
Amanda Gayer, Esq.
Morrison & Foerster, LLP
*Attorneys for Plaintiffs*
250 West 55th Street
New York, New York 10019
Phone:  212-468-8000